IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Shonda Williamson<br>644 Franshire West<br>Columbus, Ohio 43228<br><br>    Individually and on behalf of<br>    other members of the general<br>    public similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>International Quality Healthcare<br>Corporation<br>1313 E. Broad Street #17<br>Columbus, Ohio 43205<br><br>*Also serving at:*<br><br>International Quality Healthcare<br>Corporation<br>6937 North Main St.<br>Dayton, Ohio 45415<br><br>                    Defendant. | * * * * * * * * * * * * * * * * * * * | Case No. 2:17-cv-667<br><br>Judge:<br><br>Magistrate Judge:<br><br>**PLAINTIFF'S COLLECTIVE AND<br>CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**

Now comes Plaintiff Shonda Williamson ("Named Plaintiff" or "Williamson"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Collective and Class Action Complaint against Defendant International Quality Healthcare Corporation ("IQHC" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the

Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby state as follows:

## I.  JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II.  THE PARTIES

4. Named Plaintiff Shonda Williamson ("Named Plaintiff" or "Williamson"), is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed as a home health aide from 2016 until approximately July 2017.

6. Named Plaintiff brings this action on behalf of herself and on behalf of those similarly situated, and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**)

7. Defendant IQHC is an Ohio for profit corporation with its principal place of business in the Southern District of Ohio. Defendant IQHC is a home care staffing agency of direct care workers for the developmentally disabled, the elderly, and any other individual in need of assistance. According to Defendant's website,[1] it provides services in the following areas: home health aide services, skill nurse services, social work, and rehabilitation services.

8. Defendant has multiple locations in Ohio, including where it employed Named Plaintiff. Defendant IQHC may be served at its above-listed business address or through its Registered Agent 5055 N. Main St., Ste 220, Dayton, Ohio 45415 (Montgomery County).

9. Defendant is actively doing business in this judicial district and is an "employer" as that term is defined by the FLSA and the Ohio Acts.

10. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

11. During relevant times, Defendant benefitted from the work performed by Named Plaintiff and those similarly situated.

---

[1] *See* http://www.iqhcc.com/page/our_services.

12. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

13. During relevant times, Defendant has been involved in the employment decisions of Named Plaintiff, including, but not limited to, decisions about Defendant's wage and hour policies and practices that affect Named Plaintiff and all other similarly situated employees.

### III. FACTS

14. All of the preceding paragraphs are realleged as if fully rewritten herein.

15. During her employment with Defendant, Named Plaintiff Williamson worked as a home health aide providing companionship services, domestic services, home care, and other in-home services from 2016 until approximately July 2017. Named Plaintiff Williamson regularly worked more than 40 hours per week, but was not paid one and one-half her regular rate ("overtime premium" or "overtime") for hours she worked over 40 in any workweek.

16. At all times relevant herein, the Named Plaintiff was an employee of Defendant as defined in the FLSA and the Ohio Wage Act.

17. Subject to the elimination of a previous exemption, the Named Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Wage Act.

18. Defendant is and has been an "employer" as that term is defined by the FLSA and the Ohio Wage Act.

19. During relevant times, Defendant suffered and permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates of pay.

20. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio, as well as record keeping laws of the State of Ohio.

21. During relevant times, Defendant had knowledge of and acted willfully in regards to its conduct described herein.

22. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

### IV. COLLECTIVE ACTION ALLEGATIONS

#### A. 216(b) Collective Action for Unpaid Overtime and Other Wages.

23. The Named Plaintiff brings her FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former employees of Defendants who provided companionship services, domestic services, home care, and/or other in-home services, who worked over 40 hours in any workweek beginning January 1, 2015 through the date of final disposition of this case, and were not paid time and a half for the hours they worked over 40 (the "216(b) Class" or the "216(b) Class Members").

24. Examples of employees that may be members of the 216(b) Class include, but may not be limited to: home managers, support associates, caregivers, home health aides, aides, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendant.

25. Examples of employees that may be members of the 216(b) Class are in positions in the following departments of Defendant: home health aide services, skill nurse services, social work, and rehabilitation services.

26. The 216(b) Class Members were no longer exempt from the FLSA as of January 1, 2015. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6; *Dillow v. Home Care Network, Inc.*, No. 1:16-CV-612, 2017 WL 749196, at *1 (S.D. Ohio Feb. 27, 2017).

27. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendant's company-wide payroll policies and practices. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

28. The identity of the putative 216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

29. The net effect of Defendant's policies and practices is that Defendant willfully failed to pay overtime wages to save payroll costs. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and §216(b) Class Members.

   **B. Fed.R.Civ.P. 23 Class Action for Unpaid Overtime Wages.**

30. The Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> All current and former Ohio employees of Defendants who provided companionship services, domestic services, home care, and/or other in-home services, who worked over 40 hours in any workweek beginning January 1, 2015 through the date of final disposition of this case, and were not paid time and a half for the hours they worked over 40 (the "Ohio Rule 23 Class" or the "Ohio Rule 23 Class Members").

31. Examples of employees that may be members of the Ohio Rule 23 Class include, but may not be limited to: home managers, support associates, caregivers, home health aides, aides, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendant.

32. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

33. The Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

34. The Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

35. The Named Plaintiff does not have an interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

36. The Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

37. Questions of law and fact are common to the Ohio Rule 23 Class.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Ohio Rule 23 Class as a whole.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

41. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant calculated the Ohio Rule 23 Class' overtime rate of pay as required by the statute; (d) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Ohio Rule 23 Class Members on the overtime or other compensation which was withheld or not paid to them.

42. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio

litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

43. All of the preceding paragraphs are realleged as if fully rewritten herein.

44. This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the 216(b) Class.

45. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

46. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiff and the 216(b) Class Members.

47. The Named Plaintiff and the 216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

48. The Named Plaintiff and the 216(b) Class Members regularly worked in excess of 40 hours in a workweek.

49. Defendant violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for any hours worked over forty (40) hours in a workweek.

50. The Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

51. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendants was doubtlessly aware of the January 1, 2015 exemption elimination for third party employers, yet Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Collective Members are entitled.

52. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay the Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

53. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

## COUNT II
### (O.R.C. § 4111.03 — OHIO RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. This claim is brought under Ohio Law.

56. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio Law.

57. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of

section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

58. While employed by Defendant, the Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working.

59. Defendant's company-wide corporate policy of not paying time and a half for the hours that the Named Plaintiff and Ohio Rule 23 Class Members worked over 40 each week resulted in unpaid overtime.

60. Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio Law.

61. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff were violations of O.R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members are entitled.

62. For Defendant's violations of O.R.C. § 4111.03, by which the Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio Rule 23 Class Members.

### COUNT III
### (O.R.C. § 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION)

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

65. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

66. The OPPA requires that the Defendant pays Named Plaintiff and the Ohio Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

67. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

68. The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

69. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendant, at its own expense, to investigate and account for the number of hours actually worked by Named Plaintiff and the putative class and collective members per week, and because Defendant has failed to keep accurate records in accordance with Ohio Law, Named Plaintiff, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Named Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff*

## JURY DEMAND

Class Plaintiffs request a trial by a jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)